UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**NORMAN TEMPLIN,**

     Plaintiff,

               **Case No. 06-C-548**

 -vs-

**HOUSING AUTHORITY OF THE CITY
OF MILWAUKEE,**

     Defendant.

## DECISION AND ORDER

Norman Templin ("Templin") filed this *pro se* action alleging that the Housing Authority of the City of Milwaukee ("HACM") violated his civil rights in various ways with regard to his residence at Becher Court in Milwaukee. Now before the Court are four motions filed by Templin: (1) Motion to compel response to discovery requests; (2) motion to compel the defendant to cease interfering with witnesses and potential witnesses; (3) motion for leave to file a second amended complaint; and (4) motion to postpone the final pretrial conference (July 6, 2007 at 10:00 a.m.) and trial (July 19, 2007). For the reasons that follow, all of these motions are denied.

**I.**   **Motion to compel; motion to postpone**

Templin argues that HACM failed to respond to his initial discovery requests. In response, HACM argues that it is not obliged to respond to those requests because they were served prior to the parties' Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d) (Except in

situations not applicable to the case at bar, "*a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)*") (emphasis added).  In reply, Templin states that while he served his initial discovery requests prior to the Rule 26(f) conference, he renewed his discovery requests and personally gave opposing counsel another copy of his requests during the Rule 26(f) conference.

Templin's factual assertions lack foundation and must be disregarded because they are not supported by affidavit or declaration.  In his initial motion, Templin attempts to establish the factual basis for his motion "through declaration," but he does not swear to these facts under penalty of perjury.  *See* 28 U.S.C. § 1746.  In his reply, Templin does not provide an affidavit and does not even attempt to establish his factual assertions through declaration.  By contrast, HACM provided notarized affidavits in support of the factual assertions presented by its motion papers.

While the Court is obliged to liberally construe *pro se* pleadings, liberal construction cannot be used as a mechanism for avoiding federal rules of evidence and procedure.  *See Schaefer v. Newton*, 868 F. Supp. 246, 250 n.2 (S.D. Ind. 1994).  Templin's motion to compel is denied, and his corresponding motion to postpone the final pretrial and trial dates is also denied.

## II.     Interference with witnesses

Templin attempts to establish through declaration that HACM "by its [sic] agents caused witnesses to be fearful of contact with me through unlawful threats."  Once again, this statement lacks foundation because it is not signed under penalty of perjury.

-2-

Case 2:06-cv-00548-RTR     Filed 05/29/07     Page 2 of 4     Document 49

situations not applicable to the case at bar, "*a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)*") (emphasis added).  In reply, Templin states that while he served his initial discovery requests prior to the Rule 26(f) conference, he renewed his discovery requests and personally gave opposing counsel another copy of his requests during the Rule 26(f) conference.

Templin's factual assertions lack foundation and must be disregarded because they are not supported by affidavit or declaration.  In his initial motion, Templin attempts to establish the factual basis for his motion "through declaration," but he does not swear to these facts under penalty of perjury.  *See* 28 U.S.C. § 1746.  In his reply, Templin does not provide an affidavit and does not even attempt to establish his factual assertions through declaration.  By contrast, HACM provided notarized affidavits in support of the factual assertions presented by its motion papers.

While the Court is obliged to liberally construe *pro se* pleadings, liberal construction cannot be used as a mechanism for avoiding federal rules of evidence and procedure.  *See Schaefer v. Newton*, 868 F. Supp. 246, 250 n.2 (S.D. Ind. 1994).  Templin's motion to compel is denied, and his corresponding motion to postpone the final pretrial and trial dates is also denied.

## II.     Interference with witnesses

Templin attempts to establish through declaration that HACM "by its [sic] agents caused witnesses to be fearful of contact with me through unlawful threats."  Once again, this statement lacks foundation because it is not signed under penalty of perjury.

Templin also provides the signed and notarized affidavit of Edelle Staven ("Staven"). Staven avers that she was "formerly . . . a resident of Becher Court" and that "Every time I visit there the management threatens tenants I have contact with." (Docket No. 35) She continues: "I have been told the police are to be called on me and Norman Templin when those in charge of the building see us. Because of this I know that some residents there are afraid to have any communications with me."

Staven's affidavit lacks specificity and does little to justify the extraordinary sanction requested by Templin. *See Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 504 (7th Cir. 2004). Most important, the affidavit does not establish that the alleged threats were made in connection with or in response to Templin's lawsuit. In the absence of probative evidence that HACM is attempting to thwart the judicial process, Templin's motion is denied.

### III. Motion to amend complaint

Templin moves the Court to allow him to file a "second, amended complaint, which would further clarify to the Court and the Defendant the Plaintiff's sought relief and legal bases as well as update the Court on interactions between the parties since the initiation of this suit." (Docket No. 36).

After a responsive pleading has been filed, a party may amend his pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Templin failed to include a proposed version of his amended complaint, so the Court is not in a position to judge the possible merits of any new allegations. Moreover, the Court is particularly disinclined to grant leave

to amend after the close of discovery and on the eve of trial. *See, e.g., Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (affirming denial of leave to amend because of undue delay where discovery was closed and defendant had filed its motion for summary judgment).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Templin's motion to compel discovery [Docket No. 34] is **DENIED**;

2. Templin's motion to prevent interference with witnesses [Docket No. 35] is **DENIED**;

3. Templin's motion for leave to file a second amended complaint [Docket No. 36] is **DENIED**; and

4. Templin's motion to postpone the final pretrial conference and trial [Docket No. 37] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**